IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FARRAH GILOT,

    Plaintiff,
v.                                            CASE NO. 1:21-cv-93-MW-GRJ

GREYHOUND and
HOWARD JOHNSON,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 3. The Court finds that leave to proceed as a pauper should be granted. For the following reasons, it is recommended that Plaintiff's Complaint be dismissed pursuant to the *sua sponte* screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

Plaintiff identifies herself as a resident of Rochester, NY. The Complaint names as defendants "Howard Johnson Front Desk" in Newark,

NJ, and "Greyhound" in Dallas, TX.  ECF No. 1 at 2-3.  Plaintiff asserts that Howard Johnson "denied me service based on race," and threatened to call the police after Plaintiff had already paid.  Plaintiff alleges that Greyhound "lost property which had tags and expose me for the coronavirus."  *Id.* at 4-5.  For relief, Plaintiff seeks "250,000 for each Defendant."  *Id.* at 6.

Plaintiff's Complaint wholly fails to state cognizable claims against either Defendant.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere labels and conclusions are insufficient.  *Id.*  Moreover, the Court will not penalize a *pro se* litigant for "linguistic imprecision" but is not required to accept "wildly implausible allegations" as true.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Even liberally construed, Plaintiff's allegations are too vague to establish any entitlement to relief against either Defendant.  Moreover, Plaintiff's claims have no apparent connection to the Northern District of Florida.  Venue is proper in a civil action in a judicial district: (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or

omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).  The face of the Complaint reflects that venue is improper in this Court.  Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "the district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  In view of the vague and conclusional nature of Plaintiff's assertions, it is not in the interest of justice to transfer this case to a different district.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  371 U.S. at 182. The Court concludes that amendment of the Complaint would be futile because no amount of re-drafting will cure the defects in Plaintiff's complaint with respect to the lack of any connection to this District.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Complaint, ECF No. 1, should be **DISMISSED** for failure to state a claim under 28 U.S.C § 1915(e)(2)(B)(ii) and for improper venue under 28 U.S.C. § 1406(a).

**IN CHAMBERS** this 20th day of September 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.